PER CURIAM:
Claimant seeks $279.85 for property damage he incurred as the result of an accident which occurred at approximately 3:00 p.m. on June 27, 1989 on Corridor G, a four-lane highway, in Kanawha County. Claimant was traveling in his vehicle, a 1986 Bronco, when his vehicle encountered "... concrete sticking out of the road..."
He testified that the concrete consisted of pieces 10-12 inches in diameter. The concrete was broken across the whole lane of traffic, specifically, he stated that the concrete was broken into slabs, and "Well, you couldn't see it until you was right up on it or I couldn't." He was operating his vehicle at the speed limit of 55 miles per hour and he was in a straight stretch of highway. He could not swerve into the other lane because there was another vehicle in that lane proceeding in the same direction. This other vehicle proceeded without incident. Claimant replaced the right rear tire of his vehicle but has not had the wheel or beauty ring replaced. These were also damaged in the accident.
Between 5:00 and 6:00 p.m. that day claimant contacted Chuck Runnion, a highway supervisor for respondent in Boone County, and was informed that Mr. Runnion had been notified of the hazard. A witness for respondent, Hiram Hall, confirmed claimant's statements concerning notification. Hiram Hall, expressway supervisor for respondent, was aware of the road hazard on June 27, 1989. At approximately 4:30 p.m. he received a telephone call. He had already left work for the day, but he received the message at home. He went to the site and stated, upon observation, "The road blowed up. It was both lanes. The expansion joint had bowed up." Mr. Hall explained that heat causes this condition. It is impossible to predict in advance the occurrence of a "blow up". He and three other men cleared the debris from the highway and treated the area with cold mix which remedied the problem.
The State is neither an insurer not a guarantor of the safety of motorists on its highways. Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order for the respondent to be held liable for damages caused by road defects of this type, the claimant must prove that respondent had actual or constructive notice of the defect and a reasonable amount of time to take suitable corrective action. Davis vs. Department of Highways, 11 Ct.Cl. 150 (1976). The *43 evidence in this record indicated that the defect could not be predicted, and that respondent acted quickly after being informed of the hazard. Sutton vs. Department of Highways, CC-85-153 (February 19, 1986). Barnhart vs. Department of Highways, 12 Ct.Cl. 236 (1979). The Court is of the opinion that negligence on the part of the respondent has not been established, and therefore, the Court denies the claim.
Claim is disallowed.